The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: July 1 2016

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-34050 |
| | ) | |
| Ali A. Abdallah, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING
### OBJECTION TO EXEMPTION

The court held a hearing on Creditor Jay A. Kafina's Objection to Exemption ("Objection") [Doc. # 32] and Debtor's response [Doc. # 38] on April 14, 2016. In his Objection, Creditor argues that Debtor's claimed homestead exemption in real estate located at 5345 Douglas Road, Toledo, Ohio, should be denied based upon a state court determination that he engaged in a fraudulent transfer of that real estate and because the position he advanced in state court was that he never really owned the property.

At the hearing, the court rejected Creditor's argument to the extent he relies upon Debtor's alleged misconduct based upon the holding in *Law v. Siegel*, 134 S. Ct. 1188 (2014), that federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Bankruptcy Code. *Id.* at 1197. However, the court set the Objection for further hearing for oral argument to address whether the elements of judicial estoppel are met and, if so, whether application of the doctrine to deny an exemption is permissible under *Law v. Siegel*. At the further hearing, Creditor was also to inform the court as to

whether he intends to pursue an argument that the property at issue was not used by Debtor as his residence as of the date of filing. The Objection is now before the court after hearing oral argument by Creditor's counsel and counsel for Debtor. At oral argument, Creditor indicated that he is not challenging Debtor's use of the property as his residence and that he would not pursue a judicial estoppel theory in support of his Objection. The parties agreed that there are no disputed factual issues and that the court may rule on the Objections based upon the oral arguments presented.

## BACKGROUND

Pursuant to an assignment by the holder of a judgment entered against Debtor on April 30, 2013, in the Toledo Municipal Court, Creditor is a judgment creditor of Debtor in the principal amount of $1,850.00. [*See* Cr. Ex. 6, Exs. 1 & 5 attached thereto]. The Municipal Court docket shows that the judgment was sent to 741 E. Broadway, Toledo, Ohio, for service on Debtor. [*Id.* at attached Ex. 2]. On August 16, 2013, a Certificate of Judgment was filed in the Toledo Municipal Court with respect to that judgment. [*Id.* at attached Ex. 3]. The Certificate of Judgment shows that Debtor's address was the 741 E. Broadway address. [*Id.*]. Two days earlier, on August 14, 2013, Debtor recorded with the Lucas County Recorder a quit-claim deed that he had executed on August 2, 2013, conveying the property located at 5245 Douglas Road, Toledo, Ohio ("the Property") to CCW Properties, LLC ("CCW"). [*Id.* at attached Ex. 6].

On March 24, 2014, Creditor filed a complaint in the Lucas County, Ohio, Common Pleas Court ("State Court") against Debtor and CCW, alleging that Debtor was the title owner of the Property until August 13, 2013, and that the transfer to CCW was a fraudulent transfer under Chapter 1336 of the Ohio Revised Code. [Cr. Ex. 1, ¶¶ 3-17]. Creditor sought a judgment voiding or setting aside the transfer and for punitive damages, based upon his allegation that Debtor and CCW acted with "hatred, ill will or a conscious disregard for the rights of the creditor" and "with the malicious and actual intent, aggravated fraud or egregious fraud to hide and conceal the Property. . . ." [*Id.* at ¶¶ 17-21].

Creditor filed a motion for summary judgment against Debtor in the State Court action. [*See* Cr. Ex. 6]. Creditor had dismissed his claim against CCW based upon affidavits indicating that Debtor's attorney at the time had used a quit-claim deed previously prepared for CCW as a template and, due to his inadvertent error, failed to change the transferee on the deed and that CCW had no knowledge of the preparation or recording of the deed and disavowed any interest in the Property. [*Id.* at 2; Cr. Ex. 5, attached Exs. A & B]. It was Debtor's position in State Court that the Property was purchased for his mother-in-law, who lived in Jordan at the time and had transferred the purchase money to him. [Cr. Ex. 5, attached Ex. C,

2

¶ 7]. In his affidavit submitted in connection with the State Court case, Debtor stated that the deed was originally put in his name because she had not yet arrived in the United States and when she did arrive, Debtor contacted counsel to prepare the quit-claim deed in order to transfer the Property to her as intended. [*Id*. at ¶ 8-9]. In his summary judgment motion in State Court, Creditor argued that the transfer to CCW was void for lack of acceptance and that Debtor's "attempted" transfer to his mother-in-law was fraudulent under Chapter 1336 of the Ohio Revised Code. [*Id*. at 4-7]. Creditor offered no evidence or argument in support of the summary judgment motion as to whether the Property was an asset of Debtor's that would be exempt under Ohio exemption law. Debtor proceeded in the State Court case without counsel and did not respond to Creditor's motion for summary judgment. [*See* Cr. Ex. 2, pp. 1-2].

On May 28, 2015, the State Court entered an Opinion and Judgment Entry, the "Opinion" portion of which states only that

> [t]he Court has reviewed the relevant pleadings, Plaintiff's memorandum in support of summary judgment, the evidence submitted, and the applicable law. Having done so, the Court finds that Plaintiff is entitled to summary judgment against Defendant for his fraudulent transfer of property to avoid a judgment lien, as well as punitive damages and attorney fees, as set forth in the following Judgment Entry.

[*Id*. at 1]. The "Judgment Entry" then granted Creditor's motion for summary judgment and entered a judgment voiding Debtor's transfer of the Property to CCW for "lack of acceptance by the grantee" and voiding his "attempted transfer" of the Property as fraudulent. [*Id*.]. The State Court awarded Creditor punitive damages in the amount of $5,000.00 and his reasonable attorney fees. [*Id*. at 2].

On December 22, 2015, Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code. On Schedules A and C, Debtor included the Property as an asset of the bankruptcy estate, which he valued at $39,100, and claimed a homestead exemption in the Property in that amount pursuant to Ohio Revised Code § 2329.66(A)(1). Creditor timely objected to that exemption.[1]

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtor has been domiciled in

---

[1]Creditor has also separately commenced in this court an adversary proceeding against Debtor objecting to his discharge and to dischargeability of the judgment debt. Adv. Pro. No. 16-03029.

3

Ohio for more than the 730 days preceding the date of the filing of his petition such that Ohio exemption law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Under Bankruptcy Rule 4003(c), the party objecting to the exemption has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are generally to be liberally construed in a debtor's favor, "and that any doubt in interpretation should be in favor of granting the exemptions." *In re Wengerd,* 453 B.R. at 246-47. The rule that exemption statutes are to be construed liberally in favor of the debtor is also followed by the courts of Ohio. *See, e.g., Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986); *Dennis v. Smith*, 125 Ohio St. 120 (1932); *Sears v. Hanks*, 14 Ohio St.298, 301(1863)("The [homestead] act should receive as liberal a construction as, can fairly be given to it."].

Creditor objects to the homestead exemption in the Property that is claimed by Debtor under Ohio Revised Code 2329.66(A)(1). Under this statute, a person may exempt "the person's interest," not to exceed $132,900, "in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." Ohio Rev. Code § 2329.66(A)(1)(b). Thus, to be entitled to the homestead exemption under Ohio law, a debtor must have an "interest" in the property and must use the property as a residence. Ohio Rev. Code 2329.66(A)(1). A debtor's right to an exemption is determined as of the date the debtor files for bankruptcy relief. *In re Wengerd*, 453 B.R. at 250

In this case, the State Court declared the transfer of the Property to CCW as void for lack of acceptance by the grantee, thus no transfer occurred and legal title was left in Debtor's name. Creditor does not dispute that Debtor uses the property as a residence, and did so at the time of filing his petition. It would appear then that Debtor is entitled to the homestead exemption under § 2329.66(A)(1)(b),

Nevertheless, Creditor cites the directive by the Supreme Court in *Law v. Siegel* that "when a debtor claims a *state-created* exemption, the exemption's scope is determined by state law," *Law v. Siegel*, 134 S. Ct. 1188, 1196-97 (2014) (emphasis in original), and argues that under Ohio law, Debtor would be precluded from claiming the homestead exemption under theories of waiver, collateral estoppel, and equitable estoppel. However, for the reasons that follow, Creditor's arguments are not well taken.

**I. Waiver**

Creditor's arguments are based in large part on the Ohio Uniform Fraudulent Transfer Act, which defines "transfer" to mean "every . . . method of disposing of or parting with an asset or an interest in an

asset" and defines "asset" to exclude "[p]roperty to the extent it generally is exempt under nonbankruptcy law, including, but not limited to, section 2329.66 of the Revised Code." *See* Ohio Rev. Code § 1336.01(B)(2) & (L). Thus, Creditor argues that because a fraudulent transfer under Ohio law cannot include the transfer of an exempt asset, Debtor waived any right to claim the Property as exempt by failing to raise that issue in the State Court proceeding.

In support of his waiver argument, Creditor cites *Matavich v. Budak*, 4 Ohio App. 3d 228 (1982), for the proposition that an exemption may be impliedly waived if not timely asserted. In that case, the debtor had taken no action for over three weeks after notice of a garnishment proceeding with respect to her checking account. *Id.* at 230. After the garnished funds were paid into the trial court and disbursed to the creditor, the debtor moved to vacate the garnishment order because she claimed the funds were social security funds exempt from execution. *Id.* at 229. The trial court found that the debtor had waived the exemption because it was not asserted by her before the funds had been disbursed. The Ohio appellate court affirmed, explaining that the debtor was required to file a motion to assert her claim of exemption and holding that "[w[here an exemption depends on demand, it may be impliedly waived by the failure to assert the demand at the proper time or in a reasonable manner by the person entitled to exercise the right." *Id.* at 229-30. The court found that "the discretion of the trial judge should be upheld" where the debtor "had time prior to the disbursement of funds to file a written motion to vacate and assert the exemption. . . ." *Id.* at 230.

This court finds *Matavich* distinguishable on its facts. That case involved a garnishment proceeding to collect a debt owed to the judgment creditor. The property in which the debtor was found to have waived any exemption had been disbursed to the judgment creditor before the debtor ever asserted an exemption in that property. The court thus concluded that she had waived her right to assert such exemption. Unlike the circumstances in *Matavich*, here Creditor did not commence a proceeding in State Court to collect the debt owed to him. Rather, the State Court proceeding involved a fraudulent conveyance claim so that Creditor's judgment lien would attach to the Property. Creditor cites, and this court has found, no authority for the proposition that a debtor's failure to assert an exemption in such a proceeding results in a waiver of the exemption at some future date when the creditor seeks to enforce its judgment lien.

Furthermore, there is no evidence that Debtor used the Property as his residence in August 2013 when he executed the quit-claim deed, and thus whether he was even entitled to assert an exemption as a defense to Creditor's fraudulent conveyance claim in the State Court proceeding. Both the Toledo

5

Municipal Court docket and the Certificate of Judgment filed on August 16, 2013, show that Debtor's address was 741 E. Broadway, Toledo, Ohio, not 5245 Douglas Road.

## II. Collateral Estoppel

According to Creditor, the collateral estoppel, or issue preclusion, effect of the State Court judgment also precludes Debtor from asserting a homestead exemption in the Property in this case. Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). In determining whether the prior judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Id.* Thus, in this case, the court must apply Ohio issue preclusion principles.

Under Ohio law, there are four prerequisites to the application of the doctrine of collateral estoppel: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); *Cianciola v. Johnson's Island Prop. Owner's Assn.*, 981 N.E.2d 311, 315 (Ohio App. 2012). "Issue preclusion precludes the relitigation of an issue that has been *actually and necessarily* litigated and determined in a prior action." *MetroHealth Medical Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217 (1997) (emphasis added). The person asserting collateral estoppel carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

It is undisputed that Debtor was a party in the prior State Court action and that a final judgment was entered in that proceeding. And the court assumes for purposes of Creditor's Objection that Debtor had a full and fair opportunity to litigate the issues alleged in that action. As such, the first and fourth elements under *Sweeney* are satisfied.

However, Creditor has not shown that Debtor's entitlement to an exemption in the Property was even an issue in the State Court action and thus has not satisfied the second and third elements. Creditor relies on the fact that only an asset as defined in the Ohio Fraudulent Transfer Act can be the subject of a fraudulent transfer, *see Rhodes v. Sinclair*, 2012 Ohio 5848, ¶¶ 44, 53 (Ohio App. Dec. 4, 2012), and the Act defines "asset" to exclude property that is generally exempt under the Ohio exemption statute. Because

6

15-34050-maw    Doc 48    FILED 07/01/16    ENTERED 07/01/16 15:51:16    Page 6 of 8

the State Court found that the "attempted" transfer of the property was fraudulent, Creditor argues that the State Court necessarily determined that Debtor was not entitled to the homestead exemption with respect to that Property. Creditor's argument is not persuasive.

The exemption issue in the State Court action would only be identical to the issue in this case if Debtor had been using the Property as his residence at the time of the attempted transfer. As discussed above, there is no such evidence. There is, therefore, also no evidence that the State Court "necessarily" determined the exemption issue that is before this court.

In any event, as Creditor argues with respect to his waiver argument, Debtor never raised the exemption issue as a defense in State Court. And Creditor never addressed the issue in his motion for summary judgment in the State Court. Not surprisingly then, the State Court Opinion and Judgment Entry makes no findings regarding Debtor's entitlement to an exemption in the Property. On this evidence, this court cannot find that Debtor's right to claim the exemption was "actually and directly" litigated and determined in the State Court. The issue also was not necessarily determined by the State Court to the extent that asserting an exemption in the Property in the State Court action was merely a defense that could be, but was not, asserted to Creditor's fraudulent conveyance claim. A fact is not "necessarily determined" for purposes of issue preclusion if it was not an essential element of the claim alleged. *Dantone v. Dantone (In re Dantone)*, 477 B.R. 28, 39 (B.A.P. 6th Cir. 2012).

### III. Equitable Estoppel

Creditor also argues that Debtor should be equitably estopped from claiming the Ohio homestead exemption with respect to the Property. The doctrine of estoppel may be applied "when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *Doe v. Archdiocese of Cincinnati*, 116 Ohio St.3d 538, 539 (2008)). "[T]he purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice." *Id.* at 540.

It is true, as Creditor argues, that Debtor asserted in State Court that he was not the true owner of the Property. However, he did not induce Creditor to believe his assertion regarding ownership and Creditor did not change his position in reliance upon such a belief. Rather, Creditor pursued his claim, asserting in State Court that Debtor was the owner of the Property and seeking an order to void or to set aside the transfer to CCW. Creditor having prevailed in State Court, Debtor has no choice but to now claim ownership of the Property. Creditor cites no case in which equitable estoppel was applied to preclude a

7

debtor's right to claim property as exempt. But even if applicable under certain circumstances, the doctrine simply does not apply on these facts.

## **CONCLUSION**

For all of the foregoing reasons, Creditor's Objection to Debtor's claimed exemption in the real property at 5345 Douglas Road, Toledo, Ohio under § 2329.66(A)(1)(b) will be overruled. The court will enter a separate order in accordance with this Memorandum of Decision.

###